UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWAD GHOLAMI, et al.,<br><br>Petitioners,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:25-cv-01644-DAD-DMC (HC)<br><br>ORDER GRANTING PETITIONERS' *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No 5) |

This matter is before the court on the *ex parte* motion for a temporary restraining order filed by petitioners Jawad Gholami and Ali Reza Gholami. (Doc. No. 5.) For the reasons explained below, the court will grant petitioners' motion.

**BACKGROUND**

On November 25, 2025, petitioners filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging their detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) In that petition, petitioners assert three claims: (1) violation of the Due Process Clause of the Fifth Amendment; (2) violation of the Administrative Procedure

/////

/////

/////

1

1    Act; and (3) violation of the Fourth Amendment.  (*Id.* at ¶¶ 58–78.)  In support of the pending

2    motion for temporary restraining order, petitioners provide the following recitation of facts.[1]

3          Petitioners are citizens of Afghanistan who previously lived in Herat and are members of

4    the Hazara ethnic minority and the Shi'a religious minority.  (*Id.* at ¶ 45.)  While living in

5    Afghanistan, petitioners faced death threats from the Taliban and other terrorists.  (*Id.* at ¶ 46.)

6    On January 23, 2024, petitioners came to the United States through the San Ysidro, California

7    port of entry for inspection and in pursuit of asylum.  (*Id.* at ¶ 47.)  Upon their arrival,

8    immigration officials determined that neither petitioner posed a flight risk or danger to the

9    community, initiated removal proceedings under 8 U.S.C. § 1229(a) against petitioners, and

10   granted petitioners humanitarian parole and released them from custody pursuant to § 1182(d)(5).

11   (*Id.* at ¶¶ 47–48; Doc. No. 1-2 at 2–3.)  On July 2, 2024, petitioners applied for asylum before the

12   U.S. Immigration Court in Van Nuys, California.  (*Id.* at ¶ 50.)  On an unspecified date,

13   respondents granted both petitioners work authorization pursuant to 8 C.F.R. § 274a.12(c)(8).

14   (*Id.* at ¶ 51.)  Since their initial release from detention in January 2024, petitioners have

15   "regularly complied with and appeared for ICE check-ins whether in person or" electronically.

16   (*Id.* at ¶ 49.)  On September 8, 2025, when petitioners traveled to the nearest ICE office to obtain

17   evidentiary materials to support their pending asylum applications, ICE officials immediately

18   detained them without any prior notice that their parole was being revoked or a finding that either

19   petitioner posed a flight risk or a danger to the community.  (*Id.* at ¶¶ 3, 52–53.)  Neither

20   petitioner has a criminal history of any kind.  (*Id.* at ¶ 57.)

21       On December 9, 2025, petitioners filed the pending motion for temporary restraining

22   order in which they request that the court:  (1) order their immediate release from custody without

23   a bond or electronic monitoring and enjoin respondents from re-detaining them absent further

24   order of this court; or (2) in the alternative, immediately release petitioners from custody and

---

[1] The following background section is based upon petitioners' habeas petition to which respondents also cite and the exhibit attached thereto.  *S-M-J v. Bostock*, No. 6:25-cv-01425-MTK, 2025 WL 3137296, at *1 n.2 (D. Or. Nov. 10, 2025) ("The Court cites to non-evidentiary documents (the Petitions and briefing) only for facts that—based on the parties' respective filings and statements at oral argument—are undisputed.").

2

schedule a pre-deprivation bonding hearing before a neutral adjudicator at which respondents must demonstrate by clear and convincing evidence that petitioners pose a flight risk or danger to the community.[2] (Doc. No. 5-2 at 2.) On December 10, 2025, the court directed petitioners' counsel to serve respondents with a copy of the petition, motion for temporary restraining order, accompanying papers, and the court's order, and set a briefing schedule on the pending motion. (Doc. No. 6.) On December 11, 2025, respondents filed an opposition to the pending motion. (Doc. No. 8.)[3]

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth

---

[2] Petitioners also request an order enjoining respondents from transferring them out of this district during the pendency of the underlying proceedings. (Doc. No. 5-2 at 3.) Because the court orders petitioner's immediate release, this request is rendered moot by this order.

[3] The undersigned apologizes for even the brief delay in the issuance of this order under the circumstances presented. The judges of this court are currently inundated with motions filed by petitioners in similar cases seeking emergency relief, with each active district judge of the court often receiving multiple such motions on a given day. The undersigned is striving to address these emergency motions as promptly as possible given the demands of the other criminal and civil cases before the court.

Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

**DISCUSSION**

**A.     Likelihood of Success on the Merits**

      1.     Procedural Due Process Claim

Respondents argue that petitioners are "applicants for admission" subject to mandatory detention under § 1225(b)(2) of the Immigration and Nationality Act ("INA"). (Doc. No. 8 at 7.) Respondents contends that "[t]he fact that the petitioners were released does not entitle them, under the Due Process Clause, to a bond hearing before the agency re-detains them during the pendency of his [sic] removal proceedings, as required by section 1225(b)." (*Id.*) As noted, petitioners are claiming that their re-arrest and re-detention deprived them of their liberty interest of freedom from imprisonment in violation the Due Process Clause of the Fifth Amendment. (Doc. No. 5-1 at 5.) Petitioners further argue that they were released from custody over one year ago, have complied with the conditions of their release, and have integrated themselves into the community by obtaining government-approved work authorization. (*Id.* at 5–6.)

/////

4

In setting the briefing schedule as to the pending motion for a temporary restraining order, the court specifically ordered respondents to substantively address the court's recent decision in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) and to indicate in their opposition whether that case "and other similar cases previously decided by this court[]" are substantially distinguishable from the present matter.[4]  (Doc. No. 6.) Respondents failed to do so, instead largely reiterating arguments the undersigned addressed in *Rocha Chavarria*.  The court will construe respondents' non-responsiveness as a concession that the present matter and *Rocha Chavarria* are not substantively distinguishable on this point.  Thus, the court will incorporate and adopt the reasoning set forth in that order with respect to petitioners' likelihood of success on the merits for their Fifth Amendment claim under the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).[5]  *See Rocha Chavarria*, 2025 WL 3533606, at *2–5.  Accordingly, the court concludes that petitioners have satisfied their burden of establishing their likelihood of success on the merits as to the first and second *Mathews* factors.

The only arguments that the court did not address in *Rocha Chavarria* that respondents advance here is one relating to the third *Mathews* factor–the government's interest.  In arguing that consideration of this third factor weighs against the granting of the pending motion,

---

[4] As in this case, in *Rocha Chavarria* the undersigned addressed the procedural due process rights that an immigration detainee possesses when they are released from custody pursuant to § 1182(d)(5)(A).

[5] Throughout the opposition, respondents repeatedly insist that the Due Process Clause does not apply to petitioners under *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (1959).  This argument is unpersuasive because petitioners are challenging the constitutionality of their detention, not their admissibility into this country.  *Rosado v. Figueroa*, No. cv-02157-PHX-DLR-CDB, 2025 WL 2337099, at *15 (D. Ariz. Aug. 11, 2025) ("With regard to the holding in *Thuraissigiam*, cited by Respondents, in *Thuraissigiam* the Supreme Court held that a petitioner who was stopped at the border did not have any due process rights regarding admission into the United States.  In contrast, the pending § 2241 petition does not challenge any determination regarding Rosado's admissibility into the United States, but instead involves a challenge to her detention pending the conclusion of her removal proceedings.  Additionally, it it [sic] is well-established that the Due Process Clause imposes a significant constraint on the manner in which the executive branch agencies may exercise their authority, 'through detention or otherwise.'  The Due Process Clause protects Rosado, a person present in the United States, from unlawful detention."), *report and recommendation adopted sub nom. Rocha Rosado v. Figueroa*, No. 25-cv-02157-PHX-DLR-CDB, 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *see also O.P.A.M. v. Wofford*, No. 1:25-cv-01423-JLT-SAB, 2025 WL 3120552, at *8 n.6 (E.D. Cal. Nov. 7, 2025).

5

respondents argue that the government has an interest in preventing aliens from remaining in the U.S. unlawfully, that detention increases the chances that petitioners will be successfully removed if ordered removed, and that the risk of absconding increases when "the time for removal becomes more imminent." (Doc. No. 8 at 10) (citation omitted). The court finds these arguments unpersuasive as well. Indeed, "the Government's interests in controlling noncitizens' unlawful presence in the United States does not particularly inform the legal issue presented at this juncture[.]" *Larios v. Albarran*, No. 25-cv-08799-AMO, 2025 WL 3043391, at *9 (N.D. Cal. Oct. 31, 2025). Nor has the government provided any evidence that petitioners are subject to a final order of removal. *See Salesh P. v. Kaiser*, No. 22-cv-03018-DMR, 2022 WL 17082375, at *8 (N.D. Cal. Nov. 18, 2022) (finding the government interest in promptly executing final orders of removal to be diminished when a detainee was not subject to a final order of removal). Therefore, the court concludes that consideration of the third *Mathews* factor also weighs in favor of granting petitioners' motion for a temporary restraining order.

Accordingly, the court concludes that petitioners have established that are likely to succeed on the merits of their procedural due process claim. In light of that conclusion, the court need not address petitioners' remaining claims at this time. *All. For Wild Rockies*, 632 F.3d at 1139 (declining to address remaining claims after finding that the plaintiff established that there were serious questions going to the merits of one claim).

**B.      Irreparable Harm, Balance of Equities, and Public Interest**

The court has also previously analyzed the remaining *Winter* factors under substantially similar circumstances, specifically regarding improper re-detention and the ongoing harm stemming from a petitioner's unlawful detention. *See N.D.N. v. Bondi*, No. 1:25-cv-01587-DAD-CKD, 2025 WL 3251102, at *7 (E.D. Cal. Nov. 21, 2025). The court incorporates by reference that analysis and finds that consideration of the remaining *Winter* factors also weigh in favor of granting petitioners' motion for a temporary restraining order.

**C.      Remedy**

"Injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." *E. Bay Sanctuary Covenant v. Biden*,

6

993 F.3d 640, 680 (9th Cir. 2021) (internal quotation marks and citation omitted).  "A district court has equitable discretion in determining the appropriate remedy as law and justice require for unlawful detention in a habeas petition pursuant to § 2254." *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *12 (D. Nev. Oct. 14, 2025).  In issuing a temporary restraining order, courts should ensure that the remedy afforded is "restricted to . . . preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing and no longer."  *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 439 (1974)).  Here, petitioners seek their immediate release without re-detention or electronic monitoring under any circumstances.  (Doc. No. 5-2 at 2.)  However, as noted above, petitioners allege that they were in compliance with electronic check-in requirements, which suggests that they were subject to such monitoring prior to their re-detention on September 8, 2025.  (Doc. No. 1 at ¶ 49.)  The court concludes that an order prohibiting respondents from electronically monitoring petitioners under any circumstances would not return the parties to the *status quo* and would impose a burden on the government that is greater than what due process requires for similarly situated individuals.  *See Salazar v. Casey*, No. 25-cv-02784-JLS-VET, 2025 WL 3063629, at *4, 6 (S.D. Cal. Nov. 3, 2025) (ordering the petitioner released from custody subject to the conditions of her preexisting parole under § 1182(d)(5)(A) and requiring notice and a hearing prior to her re-detention).

**CONCLUSION**

For the reasons set forth above,

1. Petitioners' motion for a temporary restraining order (Doc. No. 5) is GRANTED in part and DENIED in part as follows:

   a. Respondents are ORDERED to immediately release petitioners from respondents' custody on the same conditions of release that they were subject to immediately prior to their detention on September 8, 2025;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioners for any purpose, absent exigent circumstances, without

7

providing petitioners written notice and a pre-detention hearing before a neutral adjudicator;

2. Under the circumstances of this case, petitioners will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

3. The parties are directed to meet and confer, and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of the entry of this order.

IT IS SO ORDERED.

Dated: **December 16, 2025**

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE