UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWAD GHOLAMI, et al.,<br>Petitioners,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:25-cv-01644-DAD-ICD (HC)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioners filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging their detention by U.S. Immigration and Customs Enforcement (ICE) and moved for immediate release. ECF Nos. 1, 5. In summary, Petitioners are citizens of Afghanistan who, in January 2024, were paroled into the United States at the San Ysidro, California Port of Entry and placed in removal proceedings. Id. On or about September 8, 2025, Petitioners were re-detained by ICE.

In opposition to the petition and the request for immediate relief, Respondents argued that "Petitioners are mandatorily detained under 8 U.S.C. § 1225(b)(2)." ECF No. 8. On December 16, 2025, the District Judge granted a motion for a temporary restraining order in part, ordering:

> Respondents are ORDERED to immediately release petitioners from respondents' custody on the same conditions of release that they were subject to immediately prior to their detention on September 8, 2025;
>
> Respondents are ENJOINED AND RESTRAINED from re-detaining petitioners for any purpose, absent exigent circumstances, without providing petitioners written notice and a pre-detention hearing before a neutral adjudicator.
>
> ECF No. 9.

In lieu of briefing the matter for consideration of a preliminary injunction, the parties filed a stipulated briefing schedule to address the merits of the petition. ECF Nos. 10, 11. Respondents

elected to stand on their prior filing (ECF No. 15), and Petitioners did not file a reply.

The matter was then referred to the undersigned for further proceedings. The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 9, and under recent Ninth Circuit authority, that "the application of the Fifth Amendment to noncitizens has been repeatedly and resoundingly reaffirmed over the many years," and "[t]here is just no room for doubt" that the same procedural due process protections apply to citizens and non-citizens alike who are physically present within the United States. Padilla v. ICE, No. 24-2801, 2026 WL 2822044, at *11 (9th Cir. Sept. 21, 2026).

The undersigned finds that Petitioners' respective detentions without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned recommends the petition be granted as to Petitioners' due process claims. In light of this recommendation, the Court declines to address Petitioners' remaining claims.

Based on the foregoing, the undersigned RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1), be GRANTED as to Petitioners' due process claims; and

2. The terms of the temporary restraining order (ECF No. 9) be made permanent.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **7 days** after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE